UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANASTACIO REYNA,

        Plaintiff,                              Case No. 5:04-cv-114

v.                                                 Hon. Wendell A. Miles

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## ORDER

        This matter is before the Court on Plaintiff counsel's <u>Motion for Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>. (Dkt. #16). Plaintiff's counsel seeks $18,832.50 in fees. Defendant has indicated that he "has no objection" to counsel's motion. For the reasons stated below, counsel's motion is **granted**.

        On July 13, 2005, the Honorable Ellen S. Carmody issued a Report and Recommendation concluding that the Commissioner's decision was not supported by substantial evidence. (Dkt. #14). The Court further found, however, that evidence of Plaintiff's disability was not compelling. Accordingly, Judge Carmody recommended that the matter be remanded to the Commissioner "for further factual findings pursuant to sentence four of 42 U.S.C.§ 405(g)." *Id.* On September 9, 2005, the Court entered judgment in this matter for Plaintiff. (Dkt. #15). Specifically, the Court stated that "[t]he decision of the Commissioner of Social Security is reversed and this matter is remanded for further factual findings pursuant to sentence four of 42 U.S.C.§ 405(g). *Id.* Following remand, Plaintiff was awarded benefits. (Dkt. #16). Counsel thereafter submitted the present motion seeking fees and costs pursuant to the fee agreement into which he and Plaintiff entered.

Counsel's request is consistent with his fee agreement with Plaintiff. Nonetheless, there exists a question regarding the propriety of counsel's motion. A remand pursuant to sentence four of 42 U.S.C.§ 405(g) is a final judgment which terminates an action. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (a sentence four remand order "terminates the civil action seeking judicial review of the [Commissioner's] final decision"). Counsel seeks attorneys fees in this matter pursuant to 42 U.S.C. § 406(b) which provides, in relevant part, that:

> whenever a court renders a judgment favorable to a claimant. . .who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

On the other hand, fee requests for representation before the Commissioner are governed by a separate provision, 42 U.S.C. § 406(a), and must instead be approved by the Commissioner. The question raised by counsel's motion is whether Plaintiff was awarded benefits *by reason of* the Court's judgment. In other words, is counsel entitled to attorneys fees pursuant to 42 U.S.C. § 406(b), even though Plaintiff was not awarded benefits as a *direct* result of this Court's 2005 judgment, or must counsel instead seek approval for attorneys fees from the Commissioner pursuant to 42 U.S.C. § 406(a).

The Court located no authority on this question from the Sixth Circuit Court of Appeals. The Court did uncover one district court opinion which concluded that an award of fees under § 406(b) is inappropriate in circumstances such as that presently before the Court. *McGraw v. Barnhart*, 370 F.Supp.2d 1141, 1144 (N.D. Okla. 2005) ("[a] judgment which merely remands the action for further proceedings by the Social Security Administration does not equate to a claimant being entitled to past due benefits 'by reason of' the Court's judgment"). This conclusion was reversed on appeal, however, as the

Tenth Circuit Court of Appeals concluded that the district court's interpretation of 42 U.S.C. § 406(b) was "too technical" and inconsistent with "long-standing agency policy and practice" as well as the broad interpretation accorded § 406(b) by the Supreme Court. *McGraw v. Barnhart*, 450 F.3d 493, 498-503 (10th Cir. 2006).

Several other courts have reached the same conclusion and permitted attorneys to seek fees pursuant to § 406(b) in circumstances such as that presently before the Court. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006) (recognizing that a literal interpretation of § 406(b) would "frustrate the underlying congressional policy of encouraging effective legal representation of claimants"); *Ryan v. Barnhart*, 431 F.Supp.2d 326 (W.D.N.Y. 2006) (concluding that 406(b) is satisfied where the court enters a judgment which "remands an action for further proceedings and the Commissioner ultimately awards benefits"); *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093 (N.D. Ill. 2005) ("a more appropriate interpretation of § 406(b)(1) is that a judgment favorable to the claimant is merely a prerequisite to a fee award under the statute").

The Court finds this authority much more persuasive on this question. Counsel's request is consistent with his fee agreement with Plaintiff as well as 42 U.S.C. § 406(b). Counsel's motion is, therefore, **granted**.

IT IS SO ORDERED.

Date: <u>November 20, 2007</u>                                       /s/ Wendell A. Miles
                                                                     HON. WENDELL A. MILES
                                                                     United States District Judge